IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS PATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-cv-531 |
| ) | |
| UNITED PARCEL SERVICE, INC., and ) | |
| UNITED PARCEL SERVICE, CO., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the court on the defendants' motion for judgment on the pleadings [doc. 10]. The plaintiff has not responded within the time allowed, and the motion is ripe for the court's consideration. For the reasons discussed below, the plaintiff will be ordered to show cause why the defendants' motion should not be granted.

When considering a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, the court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The court may consider all exhibits

to the pleadings, including any exhibits referred to in the pleadings and any matters subject to judicial notice. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1371 (3d ed. 2004).

The defendants' motion for judgment on the pleadings raises the issue of judicial estoppel.

> The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding, whether the prior court adopted the contrary position "either as a preliminary matter or as part of a final disposition." . . . [It] should be applied with caution to "avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement."

*Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). In determining whether judicial estoppel should apply, the court should consider reasons of mistake and inadvertence, as well as an absence of bad faith. *Id.* at 895.

On or about March 31, 2005, the plaintiff filed for Chapter 7 bankruptcy and signed a declaration under penalty of perjury that he had no interest in any contingent claims.[1] While his bankruptcy petition was pending, the plaintiff filed a complaint on July 25, 2005, with the Tennessee Human Rights

---

[1] On the personal property statement, there is a category of property: "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." The defendants argue that the plaintiff should have disclosed his potential employment discrimination claim here.

2

Commission alleging that the defendant failed to promote him because of his race (Afro-American), and because he "fraternized with a Caucasian." He was sent a right-to-sue letter on August 26, 2005, and this civil action was filed on November 17, 2005. The bankruptcy court granted him a discharge under 11 U.S.C. § 727 on September 20, 2005, and his bankruptcy case was dismissed on December 7, 2005.[2] The defendant never amended his bankruptcy petition to reflect his interest in the employment discrimination claims raised in this lawsuit.

The defendants argue that the plaintiff was obligated to disclose all of his assets, including any contingent causes of action against third parties, and the obligation was a continuing one. *See* 11 U.S.C. § 521(a)(1); *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 208 (5th Cir. 1999). The defendants contend that the plaintiff should not be allowed to proceed on his employment claims after having omitted the claims on his statement of assets and obtaining relief in the bankruptcy court.

The plaintiff's lack of response has made this a difficult issue for the court. Once a defendant demonstrates that a finding of judicial estoppel is supported by the record, a plaintiff must come forward and show why the doctrine should not apply under the facts of the case. While an omission by a debtor in an asset disclosure statement may be sufficient for a finding of judicial estoppel, the

---

[2] The defendants did not submit a document showing the actual date of dismissal of the plaintiff's bankruptcy case, but the bankruptcy court records reflect this date.

3

Case 3:05-cv-00531   Document 13   Filed 04/27/06   Page 3 of 4   PageID #: 33

court cannot determine whether the plaintiff's failure to advise the bankruptcy court about the potential employment discrimination lawsuit was inadvertent or a mistake, either of which would preclude a finding of judicial estoppel. *Eubanks*, 385 F.3d at 898. Furthermore, the court declines to presume that the plaintiff intended to mislead or deceive the bankruptcy court based on the mere fact of non-disclosure. *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 364 (3d Cir. 1996).

Therefore, given the caution that the court is required to follow before dismissing a civil action based on the doctrine of judicial estoppel, the court will order the plaintiff to show cause why the defendant's motion should not be granted. An order reflecting this opinion will be entered.

ENTER:

*s/ Leon Jordan*
United States District Judge