IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| THOMAS PATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-cv-531 |
| ) | |
| UNITED PARCEL SERVICE, INC., and ) | |
| UNITED PARCEL SERVICE, CO., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This civil action is before the court on the defendants' motion for judgment on the pleadings [doc. 10]. The plaintiff was ordered to show cause why the defendants' motion should not be granted, and the plaintiff responded to the court's order [doc. 15]. The defendants have filed a reply brief [doc. 18]. For the reasons stated in the court's previous memorandum opinion [doc. 13], and for the reasons discussed below, the defendants' motion for judgment on the pleadings will be granted.

When considering a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, the court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can

prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). The court may consider all exhibits to the pleadings, including any exhibits referred to in the pleadings and any matters subject to judicial notice. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1371 (3d ed. 2004).

The defendants' motion for judgment on the pleadings raises the issue of judicial estoppel. To reiterate:

> The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one the party has asserted under oath in a prior proceeding, whether the prior court adopted the contrary position "either as a preliminary matter or as part of a final disposition." . . . [It] should be applied with caution to "avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement."

*Eubanks v. CBSK Fin. Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). In determining whether judicial estoppel should apply, the court should consider reasons of mistake and inadvertence, as well as an absence of bad faith. *Id.* at 895.

Thus, in order to make out the defense of judicial estoppel, the defendants must show that the plaintiff took a contrary position under oath in a prior proceeding and that the prior position was accepted by the court. *See Teledyne*, 911 F.2d at 1218. In this case, the plaintiff, with the help of an

2

attorney, filed for Chapter 7 bankruptcy on or about March 31, 2005, and signed a declaration under penalty of perjury that he had no interest in any contingent claims.[1] The bankruptcy court granted the plaintiff a discharge under 11 U.S.C. § 727 on September 20, 2005, and his bankruptcy case was dismissed on December 7, 2005.[2]

While his bankruptcy petition was pending, on July 25, 2005, the plaintiff filed a *pro se* complaint with the Tennessee Human Rights Commission alleging that the defendant failed to promote him because of his race (Afro-American), and because he "fraternized with a Caucasian." He was sent a right-to-sue letter on August 26, 2005, and this civil action was filed on November 17, 2005. The defendant never amended his bankruptcy petition to reflect his interest in the employment discrimination claims raised in this lawsuit.

On the day the court entered its show cause order, the plaintiff, through counsel, filed a motion in the bankruptcy court seeking to reopen his bankruptcy case. That motion is still pending.

The defendants argue that the plaintiff was obligated to disclose all of his assets, including any contingent causes of action against third parties, and

---

[1] On the personal property statement, there is a category of property: "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." The defendants argue that the plaintiff should have disclosed his potential employment discrimination claim here.

[2] The defendants did not submit a document showing the actual date of dismissal of the plaintiff's bankruptcy case, but the bankruptcy court records reflect this date.

the obligation was a continuing one. *See* 11 U.S.C. § 521(a)(1); *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 208 (5th Cir. 1999). The defendants contend that the plaintiff should not be allowed to proceed on his employment claims after having omitted the claims on his statement of assets and obtaining relief in the bankruptcy court.[3]

The court finds that the defendants have produced sufficient evidence to support a finding that judicial estoppel should apply. In the bankruptcy proceedings, the plaintiff failed to list his employment claims as an asset of his estate, and the bankruptcy court granted the plaintiff a discharge without knowing about the claims.

Once a defendant demonstrates that a finding of judicial estoppel is supported by the record, a plaintiff must come forward and show why the doctrine should not apply under the facts of the case. In his response to the court's show cause order, the plaintiff states that he did not know he needed to inform his bankruptcy attorney about the civil action he filed subsequent to filing his bankruptcy petition; thus, his failure to inform the bankruptcy court about his employment action was inadvertent. Then, he argues that by filing his motion to reopen his bankruptcy case, he has "corrected" the error.

---

[3] In a similar case from the Western District of Tennessee, the defendant argued, and the district court agreed, that a plaintiff like Mr. Pate does not have standing to pursue employment claims that arise prior to or during a bankruptcy because the claims are property of the bankruptcy estate. Only the bankruptcy trustee has standing to bring the claim. *See Scott v. Dress Barn, Inc.*, No. 04-1298-T-AN, 2006 WL 962534 (W.D. Tenn. Apr. 12, 2006).

4

In *Browning v. Levy*, 283 F.3d 761 (6th Cir. 2002), the Sixth Circuit adopted the Fifth Circuit's requirements for a finding of inadvertent omission. A debtor's omission may be excused where (1) the debtor lacked knowledge of the undisclosed claims, and (2) the debtor had no motive for concealment. *Id.* at 776 (citing *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 210 (5th Cir. 1999)). The record before the court establishes that the plaintiff knew about his employment claims while his bankruptcy petition was pending – he filed his complaint with the Tennessee Human Rights Commission before he was granted a discharge by the bankruptcy court. Further, the plaintiff has not established that he had no motive to conceal his employment claims.

A motive to conceal may be found where the debtor would reap a windfall by not disclosing an asset. *See Browning*, 283 F.3d at 776. In the case before this court, the plaintiff seeks "front pay, fringe benefits, and other compensation" for the alleged violation of his Title VII rights. By failing to amend his bankruptcy schedules to reflect this asset, the plaintiff potentially could reap a windfall. In fact, the plaintiff recognized this in his motion to reopen his bankruptcy case when he described his claim as a "potential asset" of his estate. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("[Plaintiff] even acknowledges, at least implicitly, that disclosing this information would have likely changed the result of his bankruptcy because he now seeks to re-open his bankruptcy to include the undisclosed claims.").

5

The plaintiff's knowledge of his undisclosed claims and the potential for a windfall compel a finding that the plaintiff's non-disclosure was not inadvertent. Nevertheless, the plaintiff argues that he has tried to correct the error by filing his motion to reopen his bankruptcy case.

The defendants argue that the plaintiff's effort to reopen his bankruptcy case does not save his case from a dismissal based on judicial estoppel. As noted above, in *Burnes* the plaintiff attempted to remedy the problem by reopening his bankruptcy case and amending his filings to reflect his employment claims. On this issue, the Eleventh Circuit held that:

> The success of our bankruptcy laws requires a debtor's full and honest disclosure. Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them.

*Id.*; *see also Tyler v. Federal Express Corp.*, 420 F. Supp. 2d 849, 859 (W.D. Tenn. 2005) (quoting *Burnes*).

The court agrees with the defendants. In this case, the defendants' motion for judgment on the pleadings put the plaintiff on notice that judicial estoppel might apply. Although he has been represented by attorneys in both his bankruptcy proceedings and this court, the plaintiff did not respond to the defendants' motion, and he made no self-initiated effort to comply with his duty to correct his bankruptcy filings until the court's order to show cause was entered,

almost thirty days after the defendants' motion was filed. Thus, the plaintiff's acquiescence in his duty to the bankruptcy court does not overcome a finding of a lack of inadvertence. *See Tyler*, 420 F. Supp. 2d at 859 (plaintiff failed to offer any evidence from which the court could infer a lack of intent to conceal).

Based on the pleadings and exhibits in the record and construing the facts in the light most favorable to the plaintiff, the court finds that judicial estoppel prevents the plaintiff's claims from proceeding in this court. Accordingly, the defendants' motion for judgment on the pleadings will be granted. An order reflecting this opinion will be entered.

ENTER:

     *s/ Leon Jordan*
United States District Judge